UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JUDAH STEPHEN McNEILLY, | Civil No. 14-303 (DWF/FLN) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| STEVE HAMMER, Warden, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed without prejudice pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

Petitioner is a prisoner at the Minnesota Correctional Facility in Rush City, Minnesota. He is serving a 30-year prison sentence that was imposed in the State District Court for Hennepin County, Minnesota. Petitioner was sentenced after a jury found him guilty on multiple counts of first degree criminal sexual conduct. (Petition, p. 1.)

After Petitioner was convicted and sentenced, he filed a direct appeal. Petitioner claimed that his conviction should be reversed because of two instances of alleged prosecutorial misconduct, and because the trial court judge barred him from introducing

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

certain allegedly exculpatory evidence. The Minnesota Court of Appeals rejected all of Petitioner's claims on the merits and affirmed his conviction. State v. McNeilly, No. A11-1849, (Minn.App. 2012), 2012 WL 5834449 (unpublished opinion). The Minnesota Supreme Court denied Petitioner's application for further review on January 29, 2013.

Petitioner's current habeas corpus petition lists three grounds for relief. These claims, repeated verbatim and in their entirety, are as follows:

(1) "The Minnesota Court of Appeals acted contrary to the United States Supreme Court Darden v. Wainwright, 477 U.S. 168 (1986) and Berger v. U.S., 295 U.S. 78 (1935) decisions."

(2) "By improperly restricting Petitioner's right to present evidence of significant probative value, the Minnesota State Courts acted contrary to Washington v. Texas, 288 U.S. 14 (1967)."

(3) "Since the U.S. Constitution Mandates that an accused be given a jury trial in the district wherein the crime was committed, Petitioner's appellate counsel performance did not amount to the effective assistance of counsel on appeal as Smith v. Robbins, 528 U.S. 259 (2000) required, when counsel failed to grievance trial counsel failure to challenge venue of trial."

(Petition, Attachment A.)

The Court finds that Petitioner's current habeas corpus petition cannot be addressed on the merits, because he has not exhausted his state court remedies for all of the claims he is attempting to raise. It appears that Grounds One and Two of the current petition

might have been presented in Petitioner's direct appeal in the Minnesota state courts.[2] However, it is readily apparent that Petitioner's third claim for relief – i.e., that he was deprived of his constitutional right to effective assistance of counsel on his direct appeal – has never been raised in any state court proceeding. Therefore, Petitioner has not satisfied the exhaustion of state court remedies requirement prescribed by federal law and the United States Supreme Court.

## II. DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies for all of his claims. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged errors raised by state prisoners. O'Sullivan, 526 U.S. at 844; Rose, 455 U.S. at 518-19; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam). To satisfy the exhaustion of state court remedies requirement, a prisoner must fairly present his or her claims to the highest available state court before seeking relief in federal court. O'Sullivan, 526 U.S. at 845.

The United States Supreme Court has explained the exhaustion of state court remedies requirement as follows:

---

[2] Based on the current record, it is not entirely clear whether Petitioner challenged his conviction on federal constitutional grounds in his direct appeal. It is also unclear whether Petitioner raised his current claims for relief in his petition for further review in the Minnesota Supreme Court. Therefore, the Court cannot presently determine whether Petitioner actually has exhausted his state court remedies for Grounds One and Two of his petition.

3

> "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.'... [Citations omitted.] To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. [Citations omitted]."

Baldwin v. Reese, 541 U.S. 27, 29 (2004).

A habeas petitioner must exhaust his state court remedies for all of the claims that he seeks to raise in a federal habeas corpus petition. A "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- must be dismissed for non-exhaustion. Rose, 455 U.S. at 510, 522.

In this case, Petitioner acknowledges that one of his claims – Ground Three of his petition – has not been raised in the state courts. (See Petition, p. 13, § 13(a).) Furthermore, there is a state court remedy that might still be available for Petitioner's unexhausted claim, namely a motion for post-conviction relief brought under Minn.Stat. §§ 590.01 et seq.

In Petitioner's unexhausted ground for relief, ("Ground Three"), he claims that he was deprived of his constitutional right to effective assistance of counsel on appeal, because his appellate counsel did not argue that his trial attorney had erred by failing to oppose the venue of his trial. Historically, the Minnesota state courts have entertained claims of ineffective assistance of appellate counsel that are raised in a post-conviction motion. See Leake v. State, 737 N.W.2d 531, 536 (Minn. 2007). Thus, it appears that there could be a state court remedy that is still available for Petitioner's unexhausted ineffective assistance claim. In any event, it is preferable to have the Minnesota state

courts, rather than the federal district court, decide whether Petitioner's unexhausted claim can still be heard and decided on the merits in state court. See Nelson v. Solem, 714 F.2d 57, 60 (8th Cir. 1983) ("[b]ecause there has been no showing that further resort to state procedures for post-conviction relief would be futile, we affirm the district court's decision to dismiss [the] habeas petition without prejudice for lack of exhaustion").

Because Petitioner has not met the exhaustion of state court remedies requirement for at least one of his current claims for relief, he has filed a "mixed petition." The Court will therefore recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules. However, it will be recommended that the action be dismissed without prejudice, so that Petitioner can return to the state courts and attempt to exhaust his presently unexhausted claim by filing a state post-conviction motion pursuant to Minn.Stat. § 590.01. Petitioner may return to federal court, (if necessary), after the state courts, including the Minnesota Supreme Court, have reviewed and decided all of the claims that he seeks to present in federal court. See Ashker v. Leapley, 5 F.3d 1178, 1180 (8th Cir. 1993). See also Nelson, supra.[3]

---

[3] If Petitioner does return to the state courts to exhaust his state court remedies, and if he should thereafter attempt to file another federal habeas petition, he should be mindful of the one-year statute of limitations prescribed by 28 U.S.C. § 2244(d). It appears that the statute of limitations has not yet expired in this case. See Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions are not final for statute of limitations purposes until the deadline for seeking certiorari has expired), cert. denied, 525 U.S. 1187 (1999). And the statute of limitations will be tolled pursuant to 28 U.S.C. § 2244(d)(2) while any post-conviction proceedings are pending in the state courts. However, Petitioner could face a statute of limitations issue in the future, if he does not diligently pursue state post-conviction relief, (if he chooses to follow that course), and if he does not promptly commence a new federal habeas corpus action (if necessary) after he has exhausted his state court remedies.

The Court recognizes that a state prisoner who files a mixed habeas petition can elect to abandon his unexhausted claims, and proceed with an amended petition that includes only his fully exhausted claims. Jackson v. Domire, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam); Victor v. Hopkins, 90 F.3d 276, 282 (8th Cir. 1996), cert. denied, 519 U.S. 1153 (1997); Doty v. Lund, 78 F.Supp.2d 898, 904 (N.D.Iowa 1999). If Petitioner intends to exercise that option here, he must file an <u>entirely new amended petition</u> that includes <u>only fully exhausted claims</u>, and he must do so before the deadline for filing objections to this Report and Recommendation.[4] If Petitioner does not file an amended petition before that deadline, he should be deemed to have waived the option to amend, and this action should be summarily dismissed without prejudice. Petitioner should note that if he does file an amended petition that includes only exhausted claims, he presumably will be barred from raising any other claims in any future (successive) federal habeas petition. See 28 U.S.C. § 2244(b)(2).

Having determined that this action must be summarily dismissed, the Court will further recommend that Petitioner's pending application to proceed in forma pauperis, ("IFP"), be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

---

[4] If Petitioner elects to file an amended petition that presents only his fully exhausted claims, it would be behoove him to present his claims in greater detail. Petitioner's current presentation of his claims is deficient, because he has not adequately explained the factual and legal bases for his claims. Furthermore, as the Court has previously noted, (see n. 2, supra), Petitioner has not shown that the <u>federal constitutional bases</u> for his current claims for relief were fairly presented to the Minnesota state courts. That deficiency also should be corrected if Petitioner elects to file an amended petition that presents only fully exhausted claims.

**III. CERTIFICATE OF APPEALABILITY**

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Petitioner's current habeas corpus petition any differently than it is being treated here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should not be granted a COA in this matter.

**IV. RECOMMENDATION**

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. This action be summarily **DISMISSED WITHOUT PREJUDICE**, unless, before the deadline for filing objections to this Report and Recommendation, Petitioner files an amended habeas corpus petition listing only fully exhausted claims; and

3. Petitioner should **NOT** be granted a Certificate of Appealability.

Dated: February 10, 2014

                                            *s/Franklin L. Noel*
                                            FRANKLIN L. NOEL
                                            United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 24, 2014**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.